1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | DANIEL HARPER,                    | Case No.  1:24-cv-01551-HBK (PC)
12 |          Plaintiff,               | ORDER TO ASSIGN CASE TO A DISTRICT JUDGE
13 |     v.                            |
14 | M. AYALA and C. BROWN,            | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)[1]
15 |          Defendants.              |
16 |                                   | FOURTEEN-DAY OBJECTION PERIOD
17 |                                   | (Doc. No. 2)
18

19       Plaintiff Daniel Harper, a state prisoner currently confined at California State Prison

20 ("CSP") Corcoran, initiated this action by filing a pro se civil rights complaint pursuant to 42

21 U.S.C. § 1983 on December 18, 2024.  (Doc. No. 1, "Complaint").  On the same day, Plaintiff

22 filed an application to proceed *in forma pauperis* ("IFP").  (Doc. No. 2).  The undersigned

23 recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because

24 Plaintiff has had at least three actions or appeals that constitute strikes and the Complaint does not

25 establish that Plaintiff meets the imminent danger exception.

26       ////

27 ─────────────────────

28 [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

**BACKGROUND AND FACTS**

The Complaint concerns events that occurred at CSP, Corcoran and names correctional officers M. Ayala and C. Brown as Defendants.  In summary, after Plaintiff went through a metal detector at CSP upon his arrival, Defendant Ayala directed Plaintiff to remove his knee brace even though it failed to activate an alarm.  When Ayala used a hand-held wand on the device, it sounded an alarm, and Ayala threatened to cut it open.  Plaintiff contends the alarm only sounded because Ayala placed the knee brace by his belt buckle when using the wand.  Plaintiff immediately stood up and challenged Ayala telling him, he was not going to cut up his knee brace.  Another officer who overheard the exchange came over and put the knee brace, now removed, back through the stationary metal detector and returned it to Plaintiff after it failed to set off an alarm.  Defendant Brown subsequently found Plaintiff guilty of a rule's violation report ("RVR") for resisting staff.  As relief, Plaintiff seeks $250,000 in punitive damages and to have Defendants Ayala and Brown fired.

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

**A.  Applicable Three Strikes Law**

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez,* 140 S. Ct.

1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim.  *Id.*; *see also Andrews*, 493 F.2d at 1052.

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case.  *See* § 1915(g).  The reviewing court then looks to the basis of prior dismissals.  *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons.  *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal).  It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g).  *Lomax,* 140 S. Ct. at 1727.  When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g).  *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint.  *Andrews*, 493 F.3d at 1051-52 (addressing imminent danger exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible.  *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

To avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."  *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test).  "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious

3

physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted).  The three-strikes litigant must meet both requirements of the nexus test to proceed.  *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous."  *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions.  *Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

**B.  Plaintiff Has Three or More Qualifying Strikes.**

Plaintiff admits in his Complaint to having previously filed at least 17 lawsuits in federal court.  (Doc. No. 1 at 2).  A review of the PACER Database and the court's files reveals that Plaintiff has filed more than 30 civil actions or appeals in a court of the United States.[2]  Although not exhaustive, for purposes of these findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
| --- | --- | --- |
| January 28, 2008 | *Harper v. Wilcox*, Case No. 2:07-cv-01158-LKK-KJM (E.D. Cal.) | Dismissing complaint for failure to state a claim under 28 U.S.C. § 1915A and finding any amendment futile |
| August 31, 2009 | *Harper v. Costa*, Case No. 2:07-cv-02149-LKK-DAD (E.D. Cal.) | Dismissing complaint under Federal Rules of Civil Procedure 12(b) for failure to state claim |

---

[2] https://pacer.uscourts.gov.

| June 3, 2008 | *Harper v. Williams,* Case No. 2:07-cv-02166-LKK-GGH (E.D. Cal.) | Dismissing second amended complaint for failure to state a claim and finding any further amendments futile |
| June 16, 2009 | *Harper v. Morgan*, Case No. 2:08-cv-02526 (E.D. Cal.) | Dismissing second amended complaint for failure to state a claim |

Three of the above dismissals were done at the screening stage after finding the operative complaint or amended complaint failed to state a claim and qualify as a strike under Ninth Circuit law for purposes of § 1915(g).  And the court's dismissal under Rule 12(b)(6) for failure to state a claim also consitutes a strike. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893–94 (9th Cir. 2011); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020).  Indeed, on September 28, 2021, in *Harper v. CDCR*, 2:21-cv-0130 KJM JDP, it was determined that plaintiff has "struck out" under 28 U.S.C. § 1915(g).  Judgement was entered in that case on November 12, 2021, and plaintiff did not appeal.

### C.  The Imminent Danger Exception Does Not Apply

Because Plaintiff has been deemed a three-striker, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed.  *Andrews*, 493 F.3d at 1052-53.  Liberally construing the Complaint there are no facts whatsoever that plausibly indicate Plaintiff was in imminent danger of serious physical injury at the time he filed the instant action.  The Complaint alleges only that Plaintiff was improperly charged with a RVR stemming from the incident concerning his knee brace.  Accordingly, the Complaint does not satisfy the imminent danger exception to proceed IFP.

Accordingly, it is hereby **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under

§ 1915(g) due to his three-strike status and his failure to meet the imminent danger

exception.

2. Plaintiff be granted fourteen (14) days to pay the full $405.00 filing fee, absent which the Court dismiss this action without prejudice.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:    December 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE